# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 Plaintiff,<br><br>   vs.<br><br>LEE T. NEWELL,<br><br>                Defendant. | 8:08CR163<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Defendant's "Verified Motion for Modification of an Imposed Term of Imprisonment Pursuant to 18 U.S.C. 3582(c)(1)(A)(i) and for First Step Act, Section 404(b)," ECF No. 131, and his "Motion to Appoint Counsel," ECF No. 132. For the following reasons, the Court will deny the Motion for Modification of an Imposed Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), without prejudice to reassertion following proper exhaustion of remedies within the Bureau of Prisons. The Defendant's *pro se* request for relief under § 404(b) of the First Step Act will be deemed stricken, because he is represented by counsel on that matter. The Defendant's Motion to Appoint Counsel will be denied, without prejudice, as to his request for relief under 18 U.S.C. § 3582(c)(1)(A)(i), and will be denied, as moot, regarding any potential relief under Section 404(b) of the First Step Act.

## PROCEDURAL BACKGROUND

On April 20, 2009, the Defendant was sentenced to a term of 240 months incarceration and five years of supervised release after pleading guilty to a violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1), possession with intent to distribute cocaine base. The Defendant was sentenced as a career offender, due to prior drug trafficking

offenses. His sentence reflected a downward variance, 22 months below the lowest end of the Guideline range.

On February 7, 2019, pursuant to the Court's General Order 2019-01, the Federal Public Defender was appointed to represent the Defendant "for screening purposes" regarding any potential relief under Section 404(b) of the First Step Act. ECF No. 126. The Federal Public Defender's Office entered its appearance on March 5, 2019. ECF No. 129. The 2019 First Step Act Retroactive Sentencing Worksheet showed the Defendant's range of imprisonment under the Sentencing Guidelines unchanged by Section 404(b) of the First Step Act. ECF No. 127.

The Defendant submitted evidence of the most recent denial of his request for relief under 18 U.S.C. § 3582(c)(1)(A)(i) by the Warden of the Federal Correctional Institution at Englewood, Littleton, Colorado, on June 11, 2018. See ECF No. 131 at Page ID 499-500.

**DISCUSSION**

Section 603 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), amended 18 U.S.C. § 3582(c)(1)(A) to permit defendants to move a sentencing court for modification of sentence "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]"

Section 3582(c)(1)(A) also provides in pertinent part:

[T]he court . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after

considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

    (i)    extraordinary and compelling reasons warrant such a reduction;

. . . .

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

The Defendant has been incarcerated since March 18, 2008. His date of birth is September 24, 1949, and he is now 70 years of age. The "extraordinary and compelling reasons" the Defendant presents for his proposed reduction in sentence concern the health of his wife, his own mental and physical health "related to the aging process," and "[m]ost importantly, the COVID-19 pandemic" and its potential impact within the prison system. ECF No. 131 at Page ID 490.

The Defendant's efforts to exhaust his administrative remedies within the Bureau of Prisons occurred before the enactment of the First Step Act, and well before the onset of the COVID-19 pandemic. This Court interprets § 3582(c)(1)(A), as amended by the First Step Act, to require a defendant to exhaust his administrative remedies in reasonable proximity to the filing of any motion seeking a judicial modification of sentence. Here, the lapse of time between the Warden's denial of the Defendant's request for reduction of sentence and the Defendant's Motion is not reasonable, especially since the arguments presented in the Defendant's Motion were not presented to the Warden.

## CONCLUSION

Insofar as the Defendant seeks modification of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), his motion will be denied, without prejudice to reassertion following a proper exhaustion of administrative remedies. Insofar as the Defendant seeks relief

3

under Section 404(b) of the First Step Act, his *pro se* Motion will be deemed stricken because the Defendant is represented by counsel on that matter. The Defendant's Motion seeking appointment of counsel will be denied without prejudice with respect to the Defendant's request for modification of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), and will be denied as moot with respect to his request for relief under Section 404(b) of the First Step Act.

Accordingly,

IT IS ORDERED:

1. The Defendant's "Verified Motion for Modification of an Imposed Term of Imprisonment Pursuant to 18 U.S.C. 3582(c)(1)(A)(i) and for First Step Act, Section 404(b)," ECF No. 131, is denied without prejudice as to relief under 18 U.S.C. § 3582(c)(1)(A)(i), and is deemed stricken as to relief under Section 404(b) of the First Step Act;
2. The Defendant's Motion for Appointment of Counsel, ECF No. 132, is denied without prejudice with respect to the Defendant's request for modification of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), and is denied as moot with respect to the Defendant's request for relief under Section 404(b) of the First Step Act; and
3. The Clerk will mail a copy of this Memorandum and Order to the Defendant at his last known address.

Dated this 9th day of April 2020.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge