IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>LEE T. NEWELL,<br><br>  Defendant. | 8:08CR163<br><br>MEMORANDUM<br>AND ORDER |

This matter is before the Court on defendant Lee T. Newell's ("Newell") motion docketed as a Motion to Reduce Sentence Under Section 404 of the First Step Act (Filing No. 138). Newell appears to argue that his offense level would change under the First Step Act. He does not otherwise specify the relief requested. The motion will be denied.

Newell has made at least two other pro se requests for relief under § 404(b) of the First Step Act, but this is his first that did not also include a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) (Filing Nos. 131, 135). The Court struck both requests under § 404 because he was represented by counsel on that matter. (Filing Nos. 134, 137). On February 7, 2019, pursuant to the Court's General Order 2019-01, the Federal Public Defender ("FPD") was appointed to represent Newell "for screening purposes" regarding any potential relief under Section 404(b) of the First Step Act (Filing No. 126). The FPD's Office entered its appearance on March 5, 2019 (Filing No. 129). The FPD has not indicated that the matter is ready for progression pursuant to the General Order, nor has the FPD moved to withdraw. Thus, Newell is still represented in this matter pursuant to the General Order.

Moreover, as the Court has previously indicated, the 2019 First Step Act Retroactive Sentencing Worksheet showed Newell's range of imprisonment under the Sentencing Guidelines would be unchanged by Section 404(b) of the First Step Act (Filing No. 127).

Thus, his eligibility for relief is questionable. His request now seems to argue that drug quantity attributed to him was a mistake. That issue had to be raised on direct appeal, *see Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994), and has no relation to whether Newell is eligible for relief under § 404(b) of the First Step Act.

Newell also questions why his offense level would be unchanged under the First Step Act. Newell's theory for eligibility is difficult to discern, and the Court cannot consider every possible argument Newell meant to make, but he appears to argue that the First Step Act should have reduced his offense level even though he was designated a career offender under U.S.S.G. § 4Bl.l. However, Newell does not challenge his career-offender status, and the First Step Act does not require the Court to ignore that status and calculate a new guideline range. *See United States v. Shepard*, 8 F.4th 729, 733 (8th Cir. 2021).

Having considered Newell's arguments and conducted the review required by the First Step Act, the Court finds that a discretionary sentence reduction under the First Step Act is not warrant and Newell's motion (Filing No. 138) is denied.

IT IS SO ORDERED.

Dated this 27th day of January 2022.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge